WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. 20-08566MJ-001-TUC-MSA |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Victor Santacruz-Cortes, | |
| Defendant. | |

Pending before the Court is Defendant Victor Santacruz-Cortes's motion to dismiss the complaint. (Doc. 15.) Defendant argues that the Government has violated the Speedy Trial Act (the "Act") by failing either to indict him within the time period prescribed by the Act or to seek an extension of the indictment deadline. The Government denies that a violation has occurred. In doing so, the Government contradicts a position it has taken repeatedly in this case and many others. Nevertheless, Defendant's motion will be denied, though not for the reason offered by the Government.

Under the Act, the Government must obtain an indictment or file an information within 30 days of a person's arrest. 18 U.S.C. § 3161(b). In calculating this deadline, "a trial court may exclude certain periods of time pursuant to narrowly defined exceptions." *United States v. Bryant*, 726 F.2d 510, 511 (9th Cir. 1984) (per curiam); *see* 18 U.S.C. § 3161(h)(1)–(8). Relevant here is the ends-of-justice exception. 18 U.S.C. § 3161(h)(7). This statutory provision provides for the exclusion of

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the

> request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id.*

A continuance under this provision requires on-the-record findings. *Zedner v. United States*, 547 U.S. 489, 506–07 (2006). In the absence of such findings, "there can be no exclusion." *Id.* at 507. Importantly, though, the Act does not require that ends-of-justice findings be set forth in the record contemporaneously with the granting of a continuance. *Id.* at 506–07. A court may put its findings on the record later. *Id.* But, in all cases, the court must consider the relevant factors and make its findings *before* a continuance is granted. *United States v. Frey*, 735 F.2d 350, 352 (9th Cir. 1984) (holding the district court erred in making its findings after the continuance had been granted).

On March 16, 2020, Chief United States District Judge G. Murray Snow issued General Order 20-12, suspending grand jury proceedings in response to the Coronavirus Disease 2019 pandemic. In that order, Chief Judge Snow expressly invoked § 3161(h)(7) as the basis for excluding time in all affected cases. Chief Judge Snow has since extended the postponement of grand jury proceedings, again relying on § 3161(h)(7) to exclude time. (Gen. Orders 20-20, 20-27.) The most recent extension, issued on June 17, postpones grand jury proceedings "until further order of the Court." (Gen. Order 20-27.)

In this case, pursuant to the Court's last order, the indictment deadline was extended to June 19. (Doc. 14.) The Government did not file another motion for a continuance prior to that date, and the Court has not yet made on-the-record findings about whether a continuance is warranted. Despite these omissions, the Court determined *prior* to June 19 that a continuance under § 3161(h)(7) is appropriate. *See Zedner*, 547 U.S. at 506–07 (holding a court can set forth its ends-of-justice findings later, so long as the findings are

actually made, "if only in the judge's mind," before the continuance is granted).

All previous continuations in this case have been based on the same finding—that the suspension of grand jury proceedings due to the global pandemic justifies a continuation under § 3161(h)(7). (Docs. 10, 12, 14.) At least for the time being, a continuation in this case under § 3161(h)(7) is appropriate so long as the postponement of grand jury proceedings continues.[1] Thus, the issuance of General Order 20-27, which extends the postponement of grand jury proceedings, made clear that another continuation under § 3161(h)(7) is warranted. This is true regardless whether the Government filed a motion for a continuance. *See* 18 U.S.C. § 3161(h)(7)(A) (stating that an ends-of-justice continuation may be "granted by any judge *on his own motion*" (emphasis added)).

To be clear, the Court agrees with Defendant that the General Orders are insufficient by themselves to exclude time in particular cases.[2] *See Zedner*, 547 U.S. at 506–07. The importance of General Order 20-27 is that it provided a new, relevant fact—that grand jury proceedings would remain suspended past the indictment deadline of June 19. As has been the case three times in this matter, this fact was sufficient to make a finding that another ends-of-justice continuation is warranted. The Court made that determination when General Order 20-27 was issued on June 17, before the indictment deadline of June 19. Consequently, there was no speedy-trial violation. To comply with § 3161(h)(7), the Court will set forth its findings below. *See Bryant*, 726 F.2d at 511.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 15) is **denied**.

2. The Government's fourth motion to suspend the speedy trial clock and extend the time to indict (Doc. 17) is **denied as moot**.

3. Pursuant to D. Ariz. General Orders 20-12, 20-20, 20-26, and 20-27 all grand

---

[1] The Court recognizes that, at some point, the ends of justice served will not outweigh Defendant's right to a speedy trial.

[2] It is on this point that the Government contradicts itself. In each of the three prior requests for a continuance, the Government emphasized that § 3161(h)(7) requires on-the-record findings, and that a failure to comply "cannot be harmless." (Docs. 9, 11, 13.) Faced with an apparent mistake that could result in dismissal of the case, however, the Government now argues that General Order 20-27 by itself has the effect of excluding time. (Doc. 16.) The Government has not even attempted to explain this inconsistency.

1. jury proceedings have been suspended in the District of Arizona since March 16, 2020.

2. 4. The last day and time that a grand jury was in session in the District of Arizona was March 11, 2020 at 3:19 p.m.

3. 5. General Order 20-27 (issued June 17, 2020) has extended the suspension of grand jury proceedings until further order of the Court.

4. 6. Due to the effect of the public health recommendations on the ability of grand jurors and counsel to be present in the courtroom in light of the recent outbreak of Coronavirus Disease 2019 (COVID-19) and the well-documented concerns surrounding this virus, the time period for presentment to the grand jury in this case will need to be extended further. Fed. R. Crim. P. 6(a)(1) requires a grand jury to have between 16 and 23 members. On June 12, 2020, the CDC issued guidance for protocols that should be implemented to mitigate the spread of COVID-19 in public gatherings. General Order 20-27 recognizes the need for such protocols to be in place before grand jury proceedings can safely resume in the District of Arizona. Pursuant to General Orders 20-12, 20-20, 20-26, and 20-27, the grand jury will not be in session again in the District of Arizona until further order of the Court. Therefore, the time for presentment of this case to the grand jury will be extended for an additional 30 days. This 30-day period shall be excluded under the Speedy Trial Act. The Court specifically finds that the ends of justice served by ordering the extension outweighs the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). In addition, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iii), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances, during which it is unreasonable to expect return and filing of the indictment within the time period specified in § 3161(b).

Dated this 9th day of July, 2020.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge